**Mekani SEMBIRING, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74785.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 21, 2007.

Santiago V. Millare, Esq., Murrieta, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Margot L. Nadel, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Mekani Sembiring, a native and citizen of Indonesia, petitions for review of the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We lack jurisdiction to review the CAT claim because it has not been exhausted. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

We have jurisdiction under 8 U.S.C. § 1252 over the remaining claims. We review for substantial evidence, *Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001), and we deny the petition for review.

■ Substantial evidence supports the BIA's denial of Sembiring's asylum claim because he failed to file for relief within a reasonable time of the changed circumstances. *See* 8 C.F.R. § 1208.4(a); *see also Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007).

■ Substantial evidence supports the BIA's denial of withholding of removal because Sembiring has not shown that it is more likely than not that he will be persecuted if returned to Indonesia. *See Hakeem,* 273 F.3d at 816–17. Moreover, Sembiring failed to establish a "pattern or practice" of persecution. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *see also Knezevic v. Ashcroft,* 367 F.3d 1206, 1213 (9th Cir. 2004).

**PETITION DISMISSED in part; DENIED in part.**